IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PINEVIEW EXTENDED CARE CENTER,
INC. D/B/A FUTURECARE PINEVIEW       *

    Petitioner,                          *

v.                                    *     Civil Action No. PX-18-0307

ESAU ADE,                             *

    Respondent.                         *
                                                                                         ******

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Petition to Compel Arbitration filed by Pineview Extended Care Center, Inc., d/b/a FutureCare Pineview ("Pineview"), along with a separate Motion to Stay Companion Litigation. ECF Nos. 1 and 8. Respondent Esau Ade, through his personal representative Julius Ade ("Ade"), has moved to dismiss the Petition. ECF No. 6. For the reasons below, the Court DENIES the Motion to Dismiss, GRANTS the Petition to Compel Arbitration, and DENIES the Motion to Stay.

**I.     Background**

Julius Ade, as representative of Esau Ade, initiated a medical malpractice action in Maryland's Health Care Alternative Dispute Resolution Office ("HCADRO") against Pineview,[1] alleging that Pineview was negligent in its care of Esau Ade. *See* ECF No. 1-2 at 2–5. Pineview moved this Court to compel arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, based on the written agreement executed between Pineview and Julius Ade on behalf of Esau Ade. *See* ECF No. 1 ¶¶ 3, 20; ECF No. 1-4. In relevant part, the parties agreed that

---

[1]     Although the complaint is captioned as being in the Circuit Court for Baltimore County, the action was in fact filed in HCADRO. *See* ECF No. 1-2 at 2 (received stamp for HCADRO); ECF No. 1-3 at 2.

1

"any and all disputes that may arise from the care that [Esau Ade] receive[s] from [Pineview]" will be "submitted to binding arbitration for resolution." ECF No. 1-4 at 2.

II.   Discussion

   A. Motion to Dismiss

The Court first addresses Ade's Motion to Dismiss because it centers on this Court's jurisdiction to review the Petition. Ade contends that Pineview has failed to "prove" sufficiently that Ade is a citizen of the District of Columbia. Notably, Ade does not demonstrate, or even argue, that he is *not* a citizen of the District of Columbia. Rather, Ade asserts that the Petition must be dismissed because Pineview has generated no proof that Ade is domiciled in the District of Columbia. ECF No. 6 ¶ 7. Ade is incorrect.

At the pleading stage, the Court accepts the facts pleaded with regard to citizenship as true, and need not look behind the pleading unless the party challenging citizenship marshals evidence in support of his position. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010) ("When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof."); *Sligh v. Doe*, 596 F.2d 1169, 1171 (4th Cir. 1979) (if defendant had offered testimony to rebut finding of Virginia citizenship, there may have been a basis to question diversity jurisdiction, but no such testimony was offered); *cf. Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc.*, 145 F.3d 660, 663 (4th Cir. 1998) (allegations of mere residence, rather than allegations of citizenship or domicile, insufficient to give rise to diversity jurisdiction). Pineview has alleged adequately that Ade is a citizen of the District of Columbia. *See* ECF No. 1 ¶ 6. Ade's bare averment regarding Pineview's lack of proof does not warrant dismissal. ECF No. 6 is DENIED.

### B. Petition to Compel

The Court next considers Pineview's Petition to Compel Arbitration pursuant to the FAA. The FAA provides:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction . . . in a civil action . . . of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4. As addressed above, the parties are citizens of different states, and Pineview properly alleges that the amount in controversy is in excess of $75,000.[2] Accordingly, diversity jurisdiction is satisfied. It is also undisputed that the agreement between Pineview and Ade includes an agreement to arbitrate "any disputes that may arise from the care" Pineview provided to Ade.[3] "Any dispute" certainly includes the claims currently pending before the HCADRO. This Court, therefore, properly may compel arbitration under the FAA. ECF No. 1 is GRANTED.

---

[2] The Court may compel arbitration even though Pineview did not first "tak[e] the formal step of . . . removing" the underlying Complaint. *See Vaden v. Discover Bank*, 556 U.S. 49, 65–67 (2009) (describing "look-through" approach for standalone FAA § 4 petitions appropriate for determining whether the federal court would have been able to assert jurisdiction over an underlying controversy); *see also Dell Webb Cmtys., Inc. v. Carlson*, 817 F.3d 867, 871–72 (4th Cir. 2016) (court could employ "look-through" procedure with FAA § 4 petition to determine whether it was predicated on action properly giving rise to federal jurisdiction under CAFA).

[3] In Ade's opposition to Pineview's motion to stay companion litigation, Ade asserts that no valid and enforceable arbitration agreement exists because Julius Ade did not have authority to bind Esau Ade to the arbitration agreement. The Court is not persuaded. Julius Ade brings the underlying HCADRO action on behalf of Esau Ade, and Julius Ade on behalf of Esau Ade contests the Petition in this Court. Further, Pineview submits paperwork signed by Julius Ade attesting that Esau Ade's physician certified that Esau Ade is incapable of understanding or exercising his own rights and responsibilities. ECF No. 1-5 at 19, 25. Pineview also provides a notarized "General Durable Power of Attorney" appointing Julius Ade as attorney-in-fact of Esau Ade, which was signed on September 19, 2016. ECF No. 1-6 at 2, 8–9.

### C. Motion to Stay

Pineview also requests that this Court stay the HCADRO action pursuant to the stay provision of the Maryland Uniform Arbitration Act ("MUAA"), Md. Code Ann., Cts. & Jud. Proc., § 3-209. The Court denies this request.

As an initial matter, it bears noting that Pineview provides no authority explaining how this Court retains the power to order a state tribunal to stay proceedings in this context. Pineview's reliance on the MUAA is not helpful in this regard; even the cases cited by Pineview involve Maryland courts staying their *own* actions pending arbitration. *See Frederick Contractors, Inc. v. Bel Pre Med. Ctr., Inc.*, 274 Md. 307, 309, 314–16 (1975) (initial action was filed in Montgomery County Circuit Court; demand for arbitration filed in that court should have had the effect of staying the proceeding until return of arbitration award); *Redemptorists v. Coulthard Servs., Inc.*, 145 Md. App. 116, 128–30, 134 (Md. Ct. Spec. App. 2002) (petition to compel arbitration was brought in same court in which the underlying action was filed; that court also granted a stay pending arbitration); *cf. Diesselhorst v. Munsey Bldg., LLLP*, No. Civ. AMD 04-3302, 2005 WL 327532, at *2 (D. Md. Feb. 9, 2005) (stay sought under MUAA of proceedings pending in that court); *Barnes v. Ontario Drive & Gear Ltd.*, Civil Action No. WMN-09-CV-3020, 2010 WL 311648, at *1–*3 (D. Md. Jan. 20, 2010) (Court dismissed proceeding that was before it under the MUAA).

Consequently, while the MUAA allows a court to stay its own proceeding pending arbitration—similar to section 3 of the FAA, which permits federal courts to stay cases brought before them pending arbitration—nothing in either the FAA or the MUAA permits that which Pineview seeks from this Court. Indeed, Pineview's request appears to violate basic principles of federalism and comity. *See* 28 U.S.C. § 2283. To the extent that the parties require a formal stay

4

of the HCADRO action, Pineview must seek the stay from the HCADRO in the first instance. That said, this Court will permit Pineview to move for reconsideration if Pineview can provide specific precedent that would permit this Court to stay a case pending before a *state* tribunal pursuant to the MUAA where this Court's jurisdiction is limited solely to deciding a petition to compel arbitration under the FAA. Any such motion shall be filed in compliance with Federal Rule of Civil Procedure 59(e).

### III. Conclusion and Order

For the reasons above, it is this 21st day of May, 2018, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Motion to Dismiss filed by Respondent ESAU ADE (ECF No. 6) BE, and the same hereby IS, DENIED;

2. The Petition to Compel Arbitration filed by Petitioner PINEVIEW EXTENDED CARE CENTER, INC., D/B/A FUTURECARE PINEVIEW (ECF No. 1) BE, and the same hereby IS, GRANTED;

3. The Motion to Stay Companion Litigation filed by Petitioner PINEVIEW EXTENDED CARE CENTER, INC., D/B/A FUTURECARE PINEVIEW (ECF No. 8) BE, and the same hereby IS, DENIED;

4. The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for the parties; and

5. The Clerk is directed to CLOSE this case.

| | |
|---|---|
| 5/21/2018 | /S/ |
| Date | Paula Xinis<br>United States District Judge |