IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PINEVIEW EXTENDED CARE CENTER,
INC. D/B/A FUTURECARE PINEVIEW          *

     Petitioner,                          *

     v.                                   *          Civil Action No. PX-18-0307

ESAU ADE,                               *

     Respondent.                          *

                             ******

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are two motions for reconsideration.  Previously, the Court

granted the motion to compel arbitration filed by Petitioner Pineview Extended Care Center, Inc.,

d/b/a FutureCare Pineview ("Pineview"), but denied the request to stay litigation pending in

Maryland's Health Care Alternative Dispute Resolution Office ("HCADRO").  Pineview moves

to reconsider the denial of stay.  ECF No. 11.  Respondent Esau Ade, through his personal

representative Julius Ade, moves to reconsider the granting of the motion to compel.  ECF No.

13.  For the reasons below, the Court will hold Pineview's Motion in abeyance, and will DENY

Ade's motion.

I.       **Background**

Julius Ade, as representative of Esau Ade, initiated a medical malpractice action in

HCADRO against Pineview, alleging that Pineview was negligent in its care of Esau Ade.  *See* ECF

No. 1-2 at 2–5.  Pineview moved this Court to compel arbitration pursuant to the Federal Arbitration

Act ("FAA"), 9 U.S.C. § 4, based on the written contract executed between Pineview and Julius Ade

on behalf of Esau Ade.  *See* ECF No. 1 ¶¶ 3, 20; ECF No. 1-4.  In relevant part, the parties to the

1

contract agreed that "any and all disputes that may arise from the care that [Esau Ade] receive[s] from [Pineview]" will be "submitted to binding arbitration for resolution." ECF No. 1-4 at 2.

On May 21, 2018, the Court granted Pineview's motion to compel, but denied Pineview's request to stay the HCADRO proceeding. *See* ECF No. 10. The Court explicitly authorized Pineview to move for reconsideration of the denial of stay if it could provide authority supporting the proposition that this Court had the power to order a stay of state proceedings in these circumstances. ECF No. 10 at 5. Pineview thereafter moved to dismiss or stay the claims pending in HCADRO. ECF No. 11 at 6. Pineview also timely moved for this Court to reconsider its decision under Federal Rule of Civil Procedure 59(e). HCADRO has not yet ruled on Pineview's Motion, and thus Pineview requests for its motion to reconsider to be held in abeyance until HCADRO issues its decision. ECF No. 11 at 6. Ade also moved that this Court reconsider its decision compelling arbitration. ECF No. 13.

## II.     Standard of Review

A motion for reconsideration under Federal Rule of Civil Procedure 59(e) may be granted on three limited grounds: (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not previously available, or (3) to correct clear error of law or prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pacific Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright *et al*., Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)). Where a party presents newly discovered evidence in support of its Rule 59(e) motion, it must also provide "a legitimate justification for not presenting the evidence during the earlier proceeding." *Id.* (quoting *Small v.*

*Hunt*, 98 F.3d 789, 798 (4th Cir. 1996) (internal marks omitted)). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (quoting Wright *et al.*, *supra*, § 2810.1, at 124).

### III.    Discussion

#### A.  Motion to Alter or Amend Judgment Denying Stay

The Federal Arbitration Act requires a federal court to stay its own proceeding regarding arbitrable issues, *see* 9 U.S.C. § 3, but "it does not specifically authorize federal courts to stay proceedings pending in state courts," *Ultracashmere House, Ltd. v. Meyer*, 664 F.2d 1176, 1180 (11th Cir. 1981). The Anti-Injunction Act provides narrowly circumscribed authority to stay state court proceedings in limited circumstances. *See* 28 U.S.C. § 2283. In relevant part, the Act specifically provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except . . . where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."[1] 28 U.S.C. § 2283; *see Employers Res. Mgmt. Co. v. Shannon*, 65 F.3d 1126, 1129–30 (4th Cir. 1995). These exceptions imply that "relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 295 (1970); *see also United Serv. Prot. Corp. v. Lowe*, 354 F. Supp. 2d 651, 659 (S.D.W. Va. 2005). Notably, a federal court stay of pending state court litigation is "an extraordinary remedy," *Nat'l Home Ins. Co. v. Bridges*, 142 F. Supp. 3d 425, 433 (D.S.C. 2015), and "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the

---

[1]    The exception to protect federal judgments is designed to prevent state litigation of an issue already decided by the federal court. *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988). Where the sole question before the federal court is arbitration, the federal court's order compelling arbitration is a final decision. *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 87 (2000).

state courts to proceed in an orderly fashion to finally determine the controversy," *Atl. Coast Line R.R. Co.*, 398 U.S. at 297.

HCADRO has not yet decided the motion to dismiss or stay pending before it. ECF No. 11 at 6. If HCADRO grants the motion, this Court will not need to take the extraordinary step of ordering HCADRO now to do what it likely will do of its own volition so as to comport with the arbitration clause in the agreement and this Court's prior decision. Under these circumstances, the Court need not take any further action to shield the Court's decision to compel arbitration. *See United Serv. Prot. Corp.*, 354 F. Supp. 2d at 659 ("The court believes that the parties and the state court will likely conform their conduct to the expectations of law." (internal marks and citation omitted)). Thus, the Court will hold Pineview's reconsideration motion in abeyance, and require Pineview to file a status report within 10 days of HCADRO's decision on the pending motion to dismiss or stay.

### B. Motion to Alter or Amend Judgment Granting Petition to Compel Arbitration

With regard to Ade's motion to reconsider, Ade has provided no basis for this Court to change its prior decision. It is undisputed that Pineview and Ade agreed to arbitrate "any disputes that may arise from the care" Pineview provided to Ade. ECF No. 1-4 at 1; ECF No. 10 at 3 n.2. Ade now makes the same argument that he did before: that no valid and enforceable arbitration agreement exists because Julius Ade did not have authority to bind Esau Ade to the agreement. ECF No. 13 at 3. The Court already rejected this claim. *See* ECF No. 10 at 3 n.3.

First, Ade was free to litigate this issue, as he did, in his initial pleadings. Ade provides no grounds for the court to revisit this argument anew. Ade argues that *Dickerson v. Longoria*, 414 Md. 419, 441–42 (2010), compels a different result, but *Dickerson* does not assist Ade. *Dickerson* made plain that an agency relationship is created "when the principal confers actual

authority on the agent." *Dickerson*, 414 Md. at 442. Actual authority can be created by words or conduct by the principal "which, reasonably interpreted, causes the agent to believe that the principal desires him . . . to act on the principal's account." *Id.* (internal marks and citation omitted). *Dickerson*, moreover, is factually inapposite to Ade's case. In *Dickerson*, the principal for whom the contract was signed had not been in the room at the time and was not aware of the agreement's existence. *Dickerson*, 414 Md. at 456 n.19. By contrast, Esau Ade was present during the execution of the agreement signed by Julius and in concert with Esau's wishes. Julius Ade particularly testified that:

> A: . . . The reason I actually signed the papers was because they brought this bunch of papers. He'd had a stroke on his right side and was totally weak, so to have him try to sign that would have taken up the whole day, so I said, Let me just sign this stuff. We understood that it was mostly just for his care over there.
> Q: And obviously your father was okay with that because he didn't want to spend all day trying to sign the paperwork. Correct?
> A: He was okay with it, yes.[2]

ECF No. 14-1 at 4 (Julius Ade Dep. 50:6–16). Under *Dickerson*, therefore, Esau Ade conferred on Julius the authority to act as his agent and on his behalf.

Ade also seeks to escape the arbitration agreement by claiming that Julius Ade was unaware that by signing the agreement, he was binding Esau to arbitration instead of litigation. ECF No. 13 ¶ 24. "[I]t is the rule under Maryland contract law that, as between the parties to an agreement, a party who signs a contract is presumed to have read and understood its terms and that the party will be bound by them when that document is executed." *Dashiell v. Meeks*, 396 Md. 149, 167 (2006). Esau Ade, through his agent, is held to the same standard as every other contracting party in this regard, including arbitration provisions. The Court's prior decision compelling arbitration, therefore, stands.

---

[2] Both parties attached parts of Julius Ade's deposition taken in the HCADRO action. ECF Nos. 13-5 & 14-1.

**IV.     Conclusion**

For the reasons stated in the foregoing Memorandum Opinion, it is this 9th day of July, 2018,

by the United States District Court for the District of Maryland, ORDERED that:

1.      The Motion to Alter or Amend Judgment Granting Petition to Compel Arbitration filed
by Respondent ESAU ADE (ECF No. 13) BE, and the same hereby IS, DENIED;

2.      The Motion to Alter or Amend Judgment Denying Stay filed by Petitioner PINEVIEW
EXTENDED CARE CENTER, INC. d/b/a FUTURECARE PINEVIEW (ECF No. 11), BE
HELD IN ABEYANCE;

3.      Pineview shall submit a status report within 10 days of HCADRO's action on the
presently pending motion to dismiss or stay, informing the Court of the outcome and of any
further relief requested; and

4.      The Clerk shall transmit copies of this Memorandum Opinion and Order to counsel for
the parties.

 7/9/2018                                                              /S/
Date                                                  Paula Xinis
                                                      United States District Judge